**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FELIX LYLE COWAN,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-0298-Y** |
| | § | |
| **DEE ANDERSON, SHERIFF,** | § | |
| **TARRANT COUNTY, TEXAS,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Felix Lyle Cowan, ID # 0310444, is a state prisoner who was incarcerated in the Tarrant County jail at the time of the filing of this petition. Cowan is no longer confined.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

**C.    PROCEDURAL HISTORY**

On February 8, 2006, Cowan was arrested for misdemeanor criminal trespass and confined in the Tarrant County jail. (Resp't Motion to Substitute Parties or Alternatively to reply to

Petitioner's Writ with Brief in Support at 2-3.)  On March 9, 2006, Cowan was found incompetent to stand trial on the pending charge, and, on May 11, 2006, he was transferred from jail to the North Texas State Hospital.  (*Id.*)  Cowan has been released from the hospital, and, on October 16, 2008, he properly notified this court of his change of address.  *See* CM/ECF, Criminal Docket for Civil Case No. 06-CV-0298-Y, entry for Oct. 16, 2006.

**D.      DISCUSSION**

Cowan's claim that he is being illegally confined in the Tarrant County jail is now moot in that he has in fact been released from confinement.  Because this court can no longer provide him with the relief he seeks, dismissal of this petition is appropriate as moot.[1]  *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II.  RECOMMENDATION

It is recommended Cowan's petition for writ of habeas corpus be dismissed and any pending motions not previously ruled upon be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file

---

[1]In addition to his release, Cowan seeks monetary damages.  Such relief, however, is unavailable in a habeas action.  *Id.*, entry for October 16, 2006.

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 14, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 14, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 23, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE